WILLIAMSON *vs.* CHAMPLIN and others.

A bill may be filed to foreclose a mortgage after the commencement of a suit at law on the bond, before any judgment therein, without a previous discontinuance of such suit. But after the filing of the bill of foreclosure, no further proceeding can be had in the suit at law without the special order of the court of chancery allowing the plaintiff to proceed in such suit.

September 2.     THIS was an appeal by the defendant, Champlin, from an order of the vice chancellor of the eighth circuit, overruling a demurrer. The bill was filed to foreclose a mortgage given by the defendant, Champlin, to P. Hodge, and afterwards assigned to the complainant. A suit had been

commenced in the name of Hodge, upon the bond given
with the mortgage, but no judgment had been obtained
therein ; and the defendant demurred, because it was not
stated in the bill that the suit at law had been discon-
tinued.

*A. Taber*, for the appellant.

*J. Rhoades*, for the respondent.

THE CHANCELLOR. The vice chancellor was right in
supposing that the decision in *Pattison* v. *Powers*, (4
*Paige's Rep.* 549,) is not an authority for allowing the de-
murrer in this case. That case was disposed of in court,
without argument. And the expression contained in the last
paragraph of the case as reported, as to the discontinuance
of the suit, must have been made without reference to the
particular phraseology of the statute ; and under the im-
pression that the legislature had prohibited the filing a bill
of foreclosure while a suit at law was still pending, al-
though the mortgagee had not proceeded to judgment there-
in. Upon a careful examination of the statute, however,
I am satisfied it was not the intention of the legislature to
require the suit at law to be actually discontinued ; but
merely to suspend all further proceedings in that suit until
it was ascertained whether the mortgage would be satisfied
in the foreclosure suit. It frequently happens that after
an action at law has been commenced for the recovery of
the mortgage debt, and before any judgment has been ob-
tained, the defendant becomes insolvent, so that the mort-
gagee is compelled to resort to a bill of foreclosure to ob-
tain satisfaction out of the land itself. In such a case it
would be a useless expense to require him to proceed to
judgment in the action at law. And as no proceedings can
be had in that cause after the filing of a bill here, without
the special order of this court, the only benefit of requiring
the action on the bond to be discontinued, would be to give
the defendant a bill of costs in that suit ; and to compel the

mortgagee to bring a new action afterwards if, for any cause, he should not succeed in obtaining his whole debt under the decree of this court. As the statute does not require the action at law to be actually discontinued before a bill can be filed here, the decision of the vice chancellor was unquestionably right. It must therefore be affirmed, with costs ; and the proceedings are to be remitted to him.