### Suydam and others *vs.* Bartle and others.

The mere commencement of an action at law, for the recovery of a debt secured by a mortgage, if no judgment has been recovered in such action, will not prevent the filing of a bill in chancery to foreclose the mortgage, during the pendency of the action at law. But the plaintiff cannot proceed in his action at law, after the commencement of his foreclosure suit, without the permission of the court of chancery.

Where the complainant files a bill of foreclosure, during the pendency of a suit at law for the recovery of the same debt from a third person who is not a party to the bill of foreclosure, and it is doubtful whether the complainant could have a decree over against such person for the deficiency, if he was a party to the foreclosure suit, and where the mortgaged premises are not sufficient for the payment of the whole debt claimed to be due, the court will permit the complainant to proceed at law, during the pendency of the foreclosure suit, so far as is necessary to test the validity of the defence which has been set up in the action at law. But he will not be allowed to take out execution upon the judgment which may be recovered in such action, without the further order of the court of chancery.

September 21. This was an application, on the part of the complainants in a foreclosure suit in this court, for leave to proceed in an action which had previously been commenced in the

supreme court against some of the defendants in this suit, and against Albert Westfall who was not made a party to the bill filed in this court. The mortgage was executed by James P. Bartle and others, and upon its face purported to have been given to secure the payment of the gross sum of $40,000, according to the condition of a bond executed by Norton, Bartle and McNeil. But it was in fact given to secure and indemnify the complainants against the payment of certain drafts drawn by the obligors in the bond, or by them and others for their benefit, and accepted by the complainants. The action at law was brought on one of those drafts, drawn by Norton, Bartle and McNeil, and by Westfall, who had set up a defence in that suit. The complainants alleged that the amount of the mortgage was not sufficient to cover the whole sum due to them for acceptances, and that it was essential to their rights as against Westfall, that they should be permitted to proceed at law ; as the mortgaged premises were not worth enough to pay the amount specified in the mortgage, and the defendants in the foreclosure suit, who were personally liable upon the bond, were insolvent.

*David Greig*, for the complainants.

*J. Edwards*, for the defendants and for Westfall.

THE CHANCELLOR. The commencement of an action at law for the recovery of a debt secured by a mortgage, does not prevent the filing of a bill of foreclosure in this court unless a judgment has been obtained in that action. And the suggestion of the court in the case of *Pattison* v. *Powers*, (4 *Paige's Rep.* 551,) that the action at law must be discontinued before a foreclosure suit could be commenced in this court, was incorrect. The effect of the 159th section of the title of the revised statutes relative to the court of chancery, (2 *R. S.* 191,) is only to deprive the plaintiff of the right to proceed, in the action at law, without the

special permission of the court of chancery, where the fore-closure suit is instituted. (*Williamson* v. *Champlin and others*, 1 *Clark's Ch. Rep.* 8; *and S. C.* 8 *Paige's Rep.* 70.) The object of the legislature unquestionably was to relieve the mortgagor from the expense of a double liti-gation. And where it is evident that the complainant could have had a perfect remedy against all persons who were liable for the payment of the debt, by a decree over against them for the deficiency, if he had chosen to make them parties to his foreclosure suit, it might not be a prop-er exercise of discretion for the court of chancery to per-mit any further proceedings to be had in the action at law after the filing of the bill of foreclosure.

In the present case, however, the debt secured by the mortgage was but forty thousand dollars, and the amount due to the complainants upon their various acceptances con-siderably exceeds that sum, as stated in the petition. And it is doubtful whether there could have been a decree over against Westfall for his portion of the excess, even if he had been made a party defendant in this suit. (*See 2 R. S.* 191, § 160.) A defence has also been put in by West-fall to the action at law, which defence cannot be dis-posed of in the foreclosure suit in which he is not a party. This is, therefore, a proper case to permit the complainants to proceed in the court of law, so far at least as shall be necessary to test the validity of the defence set up by the defendant Westfall in that suit.

An order must be entered, authorizing the complain-ants to proceed to trial and judgment in the action in the supreme court. But they are not to be permitted to take out execution on that judgment without the further order of this court, upon due notice of the application to West-fall, and to the other defendants in the action at law who have appeared to this bill of foreclosure. The costs of this application, and the complainants' costs in the action at law, if they succeed in recovering a judgment against Westfall, must abide the further order of this court.