Bosworth, J.
The plaintiff moves to strike out the answer of Bodle as being a sham answer; and for such relief as to the court may seem proper.
The complaint is on four promissory notes made by Bodle in the defendants’ partnership name of Taggard & Bodle, dated August 7,1852; one at 3 months, for $571.49, one at 4 months, for $577.79, one at 5 months, for $584.39, and one at 6-months, for $584.39.
Bodle’s answer states, that the notes were given in settlement of, and solely for work and labor done, and materials furnished by plaintiff in building, altering, and repairing the buildings 2, 4, 6, and 8, Warren street, known as the Mercantile Hotel.
That after the notes were given, and before this action was commenced, the plaintiff commenced an action in the New York Common Pleas, which is still pending and undetermined, and which was brought to enforce payment from this defendant for said work, labor, and materials, furnished by the plaintiff; that the action in the Common Pleas and this action are brought for the same cause.
The affidavit of plaintiff’s attorney states, that the alleged action in the common pleas is a proceeding under the lien law of July 11,1851, to enforce a lien on the interest of Bodle only, in the Mercantile Hotel, founded upon a notice of such lien filed in the county clerk’s office July 26,1852, and for no other purpose; that no other purpose is expressed in said proceedings ; that Bodle has appeared in said proceedings and put in an answer denying that he is indebted for said work, labor, and materiels. It avers, on information and belief, that Bodle is insolvent.
Bodle’s opposing affidavit states, that at the time the notice of the lien was filed, his interest in the Mercantile Hotel exceeded $9000; denies that he is insolvent; and avers that his answer in the Common Pleas did not deny he was indebted to the plaintiffs, but put in issue the fact of being indebted to the amount claimed.
*613 The plaintiff insists, that the proceeding in the Common Pleas is not an action for the same cause as that commenced in this court; that the latter is brought to recover a judgment in persona/m, and the former to enforce a lien, or security, for the payment of the consideration of the notes in question.
The prayer of the complaint in the Common Pleas is for a “judgment that said liens maybe established and enforced against said buildings for said sum of $2,200, the interest thereon, and for costs.”
The 8th section of the lien law provides, that “ on the appearance of both parties, pursuant to the act, issue shall be joined, &c., and the same may be noticed for trial and put on the calendar by either party, and shall be governed, tried, and the judgment thereon enforced, in all respects, in the same manner as upon issues joined and judgments rendered in all other civil actions for the recovery of moneys in said court.”
The question is, why, in the case of a proceeding directly between the original contractor and owner, and between them only, a judgment may not, and should not be entered, if the proof authorizes it, adjudging the whole amount claimed to be due; that it is a lien on the defendant’s interest in the property ; that such interest be sold to satisfy the debt and costs, and if a deficiency arise, that execution issue to collect such deficiency of the owner’s personal and real property.
If such a judgment may be entered, then are not both suits for the same cause of action ? In the action to enforce the lien, all the relief can be given which can be had in the other, and besides that, the lien can be enforced.
They are as essentially for the same cause, as an action on a bond seemed by a mortgage, and an action to foreclose such mortgage, are for the same cause.
The cause of action in each case is the same, viz. the alleged-debt. That must be established in the proceedings to enforce the lien, and by the same evidence that would be required to maintain an action for the work, labor, and materials.
On establishing the debt, and the facts averred to create the lien, the debt will be adjudged to be due, the lien established, and judgment given that the lien be enforced and the debt paid. The judgment will be as efficient to reach and appropri *614 ate any property of the debtor, to pay any part of the debt which the subject of the lien may be insufficient to satisfy, as a judgment on the notes would be to reach such property, to satisfy its amount.
I infer that Taggard was not served with the summons in the action in this court.
The complaint alleges, that defendants were partners, and that they, by the said Bodle, made the notes described in it.
The lien proceedings imply, that they were given for the individual debt of Bodle, and therefore Taggard would not be liable, unless he assented to the making and delivery of the notes. Such assent is not averred.
If Taggard is not liable, both suits are in substance between the plaintiff and Bodle only.
Both are brought to enforce payment of the same debt. In the one in the Common Pleas, the plaintiff can obtain all the relief that can be given by this court in the action in which this motion is made, and in addition to that can have the alleged lien enforced, if established.
The effect of allowing both suits to proceed, is to subject the defendant to two bills of costs, if unsuccessful. (9 Paige, 294.)
It seems to me that both actions are, substantially, for the same cause, and that no remedy can be obtained in this, that may not be had in the one first brought and now pending in the Common Pleas.
The plaintiff’s motion is therefore denied.
Approved on consultation.