## SUPREME COURT.

### WILLIAM M. BAXTER agt. ELIJAH SMACK.

Where a *guaranty* is entered into in the following form, to wit: "I do hereby (first stating the consideration) guaranty the payment and collection of the principal and interest money of the bond and mortgage within assigned," the guarantor is not liable on default of payment, until the remedy on the bond and mortgage is exhausted.

*New-York Special Term, January*, 1859.
DEMURRER to complaint.

J. NEILSON, *for plaintiff*.
R. M. HARRINGTON, *for defendant*.

ROOSEVELT, Justice. It would seem from the complaint, although not distinctly stated, that one Roberts, being the owner of a bond and mortgage, assigned it to Baxter, the plaintiff, with an agreement at the same time, by the defendant Smack, indorsed on the back of the instrument, in these words: "I do hereby (first stating the consideration) guaranty the payment and collection of the principal and interest money of

Baxter agt. Smack.

the bond and mortgage within assigned." And the only question presented by the demurrer is, must the party taking such a guaranty first exhaust his remedy on the bond and mortgage, or can he on the first default, without taking any steps to collect payment from the mortgage, sue the guarantor, leaving him to his remedy over, if the securities should be of any value sufficient to warrant a foreclosure?

It can hardly be said that the case presents any point of law. It is conceded that the law follows the intent. The only difficulty, where parties are careless in the use of language, is, to ascertain their intent. When ascertained, the intent, if not prohibited by some positive rule or statute, is the law. What, then, according to the common understanding, is the meaning of the terms "payment and collection," and in connection with a mortgage about to be assigned? If, on mere non-payment, it was intended that the guarantor should be immediately liable to a suit, no matter how ample the value of the mortgaged premises, why superadd the word "collection" to the word payment? The use of that word clearly shows that the corresponding idea, in some form, was in the mind of the party. I can conceive of no other motive for its insertion than to signify distinctly that, if not paid at maturity, the loan should be "collectable" by foreclosure, or, in other words, that it would be "paid" if the usual steps were taken for its "collection." This interpretation gives some force to all parts of the sentence, whereas the other renders the term "collection" a mere nullity. My conclusion is, that the present suit is premature, unless some facts, in relation to the mortgage, other than those indicated in the complaint as it now stands, can be stated and proved. The demurrer, therefore, is allowed, with liberty, however, to the plaintiff to amend his complaint on payment of costs, provided he do so in twenty days.