BERNARD SCHAAF, Respondent, *against* JOHN O'BRIEN AS
EXECUTOR, &C., OF MARTIN WALSH, Appellant.

(Decided December 2d, 1878.)

It is no defense to an action upon the guarantee of payment of a bond secured by
a mortgage on real estate, that an action to foreclose the mortgage has been
commenced, nor that in such suit a receiver of the rents and profits has been
appointed.

The statutory provision (2 R. S. 191, § 153), that after an action for foreclosure has
been brought, and while it is pending, no proceeding shall be had at law for the
recovery of the debt, or of any part of it, unless with leave of the court, has no
application to an action against the mortgagee upon his guarantee of payment of
the debt.

The case of *Baxter* v. *Smack* (17 How. Pr. 184), where the guaranty was of *collection*,
and the case of *Williamson* v. *Champlin* (8 Paige, 70), where there was no guar-
anty, distinguished.

APPEAL by the defendant from a judgment of this
court, entered on a decision at trial term.

The action was brought by the assignee of a bond
(secured by a mortgage on real estate) upon a guarantee of
its payment made by defendant's testator, the assignor and
mortgagee, and contained in the assignment. Upon the
trial, leave was asked to amend the answer by setting up as
a defense, that before bringing the action upon the guar-
anty plaintiff had commenced an action for the foreclosure
of the mortgage; that a receiver of rents and profits had been
appointed, had acted and had not accounted; and that there
had been a judgment of foreclosure and sale, but no sale.
Leave to so amend was refused, and an exception was taken
by defendant.

*A. R. Dyett* and *R. W. Townsend*, for appellant.

*Lawrence & Waehner*, for respondent.

CHARLES P. DALY, Chief Justice.—In an action by the mortgagee upon the bond he would have to show that he had exhausted the mortgage security, as his remedy upon the bond would be for any deficiency that might remain after exhausting the mortgage security. But the defendant's testator assigned the bond to the plaintiff in this suit, and by the instrument of assignment, for a valuable consideration, which was expressed in the instrument, he guaranteed the payment of the bond with interest on or before the 15th of December, 1876, and the action is upon the guaranty. The fact, therefore, that the plaintiff had brought an action in the Supreme Court to foreclose the mortgage; that a receiver of the rents and profits of the premises was appointed in that action, who, since the date of the appointment, has been in the possession of the premises and has never accounted, was immaterial. It was not an offer to show that any specific sum had been received by the plaintiff, either as rent or otherwise, in the action of foreclosure, or to which the plaintiff was entitled, and which should equitably be applied to reduce the amount for which the defendant's testator was liable upon his guaranty. The objection to the offer to amend the answer is, that it did not set up any specified sum received by the plaintiff, or which he was entitled to receive, which ought to be allowed in diminution of the defendant's testator's liability.

By statute (2 R. S. 191, § 154) the plaintiff could have made the defendant a party to the final issue suit (*Curtis* v. *Tyler*, 9 Paige, 436), but the provision does not make it obligatory upon him to do so; but by § 156 no further proceedings can be had in the foreclosure suit of the judgment in this suit, unless the sheriff returns that the execution upon the judgment is unsatisfied in whole or in part, and that there is no property to satisfy the execution except the mortgaged premises. The statute provides, that after an action for foreclosure has been brought, and whilst it is pending, no proceeding shall be had at law for the recovery of the debt, or of any part of it, unless authorized by the leave of the court (2 R. S. 191, § 153); but the object of this provi-

sion, as was said in *Suydam* v. *Bartle* (9 Paige, 296), was to relieve the mortgagor from a double litigation—a reason that does not apply to an action against the assignor of a mortgage, who, in the assignment, has guaranteed its payment to the assignee. This is in itself a distinct contract, wholly independent of the liability of the mortgagor. In *Baxter* v. *Smack* (17 How. Pr. 184) the assignor guaranteed the payment and collection of the bond and mortgage, and it was held by Roosevelt, J., at special term, that the addition of the said collection showed that if not paid at maturity it should be collectable by foreclosure, and would be paid if the usual steps were taken for its collection ; or in other words, that the guarantor was not answerable until the assignor had exhausted his remedy upon the mortgagor's security. But in the present case the guaranty is not of " the payment and *collection* " of the bond and mortgage, but of " the payment of the principal and interest secured by the bond," which is a very different objection. In *Williamson* v. *Champlin* (8 Paige, 70), cited by the appellant, there was an assignment of the mortgage, but no guaranty of its payment by the assignor, and the case therefore has no application.

The judgment should be affirmed.

LARREMORE, J., concurred.

Judgment affirmed.