In the Matter of BRENTON H. COLLINS for Leave to Sue, etc.

*Application for leave to sue for deficiency, after judgment of foreclosure — when denied.*

After an action of foreclosure had been prosecuted to judgment, and a sale had upon which a deficiency had arisen, an application was made for leave to sue the representatives and next of kin of a deceased guarantor, they not having been made parties to the foreclosure action, and no claim having ever been presented against the estate.

*Held*, that such application was addressed to the sound legal discretion of the court, and that it would not be granted when the circumstances of the case rendered it inequitable so to do.

Appeal from an order of the Special Term, granting leave to the petitioner to bring an action against the appellant to recover a deficiency on a sale had under a mortgage foreclosure.

· *F. E. Dana*, for the appellants, George S. Bedell and Emma A. Benson individually and as executrix of Lydia Bedell.

*A. Matthews*, for the respondent (the petitioner), Collins.

Davis, P. J. :

On the 1st of December, 1865, one Edward C. Bowers executed a mortgage to one Harriet Ann Miller of certain lands in Kings county for $3,500, as collateral to his bond of the same date. On the sixteenth of the same month the said Miller assigned the

bond and mortgage to one Daniel Bedell, who, on the 1st of May, 1867, assigned the same to one Enos Collins by an instrument of assignment which contained a guaranty in the following words: "I hereby guarantee the payment of the principal and interest of said bond and mortgage in full to the said party of the second part."

Enos Collins, the assignee, afterwards died leaving a last will and testament, which was admitted to probate, naming therein executors who duly qualified, and such executors on the 19th of November, 1872, assigned the said bond and mortgage to Brenton H. Collins, the petitioner.

Bowers, the mortgagor, after the assignment of the mortgage, reconveyed the mortgaged premises to Harriet Ann Miller, who assumed the payment of the mortgage. The principal secured by the mortgage became due on the 1st day of December, 1869, and at that time the mortgaged premises were of sufficient value to have realized the amount due, and Harriet Ann Miller, the mortgagee, who had assumed the payment of the mortgage, and one Charles S. Brown, her grantee, who was then the owner of the mortgaged premises, were solvent and responsible.

Daniel Bedell, the guarantor above named, died in 1869, before the mortgage became due, intestate, and Lydia Bedell, his widow, was appointed sole administratrix. He left him surviving, Lydia Bedell his widow; Jonas P. Bedell, George S. Bedell, and Charles W. Bedell, his sons, and Emma A. Bedell and Louisa R. Bedell, his daughters. His administratrix afterwards obtained from the surrogate the proper order and duly advertised for claims against his estate, but no claim on the guaranty above mentioned was presented to her. On or about July 1, 1870, she had a final accounting before the surrogate of Kings county, and distributed the assets remaining after the payment of debts to the next of kin. Subsequently Lydia Bedell died, leaving a last will and testament (of which one of the appellants is executrix), and Jonas P. Bedell died April 14, 1870.

The mortgage was foreclosed by an action brought by the petitioner in the Supreme Court in Kings county in November, 1877. Judgment of foreclosure was had December 24, 1877, and the mortgaged premises were sold April 29, 1878, under

the decree in that action for $1,000, leaving a deficiency of $4,137.04, for which judgment was entered against the defendants in the foreclosure suit; execution thereupon was issued and returned wholly unsatisfied. No taxes were paid on the premises after the year 1869, and no interest on the moneys secured by the mortgage after the year 1873. Neither the administratrix of Daniel Bedell, the guarantor, nor any of his next of kin or heirs-at-law were made parties to the action to foreclose the mortgage in question, nor does it appear that they had any notice of the action. The petitioner asks leave to prosecute the representative of the widow, Lydia Bedell, and the appellants who are surviving next of kin of the guarantor to recover the amount of such deficiency.

This application is made under the provisions of the Revised Statutes (2 R. S., 191, § 153), which declares in substance that after suit brought for foreclosure, and while the same is pending and after decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court.

Such an application is addressed to the sound legal discretion of the court. (*Equitable Life Insurance Society* v. *Stevens*, 63 N. Y., 341.) It was held in that case to be the power and duty of the court to take into consideration the circumstances and equities of the case, and to exercise a sound discretion in granting or refusing the application; and that the remark of Chancellor WALWORTH in *Suydam* v. *Bartle* (9 Paige, 294–6): "And where it is evident that the complainant could have had a perfect remedy against all persons who were liable for the payment of the debt by a decree over against them for the deficiency, if he had chosen to make them parties to his foreclosure suit, it might not be a proper exercise of discretion for the Court of Chancery to permit any further proceedings to be had in the action at law after the filing of the bill of foreclosure," was equally applicable where the application for leave to sue is made after decree; and in the course of the opinion of the Court of Appeals in the case first above cited, the court says : " It is not difficult to see that cases might arise in which leave to sue upon the bond should not be granted upon any terms. The mortgagee may have so acted as to induce the

party liable for the deficiency to refrain from protecting the property at the sale, and the property, though amply sufficient to pay the mortgage debt, may have been bought in by the mortgagee for a trifling sum. Other circumstances might exist which would be sufficient to induce the court to withhold its leave to sue upon the bond." These cases establish that the petition in this case is to be disposed of by the exercise of a sound discretion. We think there is no reason to doubt but that the appellants might properly have been made parties to the action for foreclosure with a view to charge them personally, in proportion to the assets received by them, with any deficiency that might accrue. Their liability arose out of the obligation of their intestate and ancestor, to wit : The covenant of guaranty executed by him on his assignment of the mortgage. To enforce the guaranty against his estate, through them, they might properly have been made parties under the act of May 4, 1863 (ch. 392), and 2 Revised Statutes, 191, section 154.

But, whether this was so or not, we think the facts in this case disclose equitable reasons for denying the application. The liability on the guaranty accrued on the 1st day of December, 1869, it is shown, apparently without contradiction, that the mortgaged premises were then of sufficient value to realize the amount due ; that the original mortgagee, Harriet Ann Miller, had, by a subsequent reconveyance, assumed the payment of the mortgage, and that her subsequent grantee had also assumed the same, and that both were at that time solvent and responsible, and have since become insolvent. It also appears that default in payment of the interest was made in the year 1873, and that the taxes on the premises were suffered to remain unpaid after the year 1869 ; that no claim was presented upon the guaranty against the estate of Daniel Bedell under the advertisement by his administratrix for such claims ; that neither his representative nor any of his next of kin were made parties to the foreclosure, nor did it appear that any notice of such foreclosure was given to them.

The premises were sold under the foreclosure decree for the sum of $1,000, not enough to extinguish the interest and taxes, leaving as a deficiency an amount larger than the original mortgage. It may be that upon all these facts no strictly legal defence to the action would arise, but it must be apparent that the extreme

negligence of the petitioner and his assignor has operated to put the appellants in a position, where the enforcement of this large deficiency against them would be greatly inequitable and unjust. The petitioner seems to have so acted by his great delay as to deprive the appellants, who stand in the relation of sureties, of their remedies over against other parties who were personally bound for any deficiency ; and also, not only to have prevented them from protecting the property at the sale, but to have subjected them to serious loss by reason of its depreciation, if they are now held responsible for the deficiency.   These circumstances seem to us quite abundant to call for a denial of the petition.

It is urged that a right of action against the appellants exists upon the guaranty and upon their liability as distributees, independently of the statute.   It is not necessary for us to consider that question further than to say that if the position be well taken, that alone is a sufficient answer to this application, because if the petitioner have such right there was no necessity of applying for an order of the court, and the order should not be granted, inasmuch as it might be in such case a serious embarrassment to the appellants.

We are of opinion that the order of the court below should be reversed, and the motion denied, with ten dollars costs and disbursements.

BRADY and INGALLS, JJ., concurred.

Order reversed and motion denied, with ten dollars costs and disbursements.