CHARLES Z. GILLETTE, Respondent, *v.* HOWELL D. SMITH and others, Appellants.

*Note — when avoided by an alteration — debt secured by, still recoverable — action of foreclosure — pending action upon the note, not a bar to.*

In 1853 the defendant Smith being indebted to a firm composed of Jacob Smith and Reuben Edwards, for lumber purchased of it, and for interest thereon, gave them his note under seal, payable to their order, and also a mortgage on land to secure the payment of the amount due. Subsequently the firm was dissolved and the note and mortgage were transferred to Smith, unindorsed. Thereafter he, without authority, but not with a fraudulent intent, struck from the note the name of Edwards.

In an action to foreclose the mortgage, *held*, that although the note was destroyed by this alteration, yet the debt which it was given to secure was still unpaid, and could be collected by foreclosing the mortgage.

A mortgage given to secure the payment of a simple contract debt may be foreclosed at any time within twenty years.

Before the commencement of this action, an action had been commenced upon the note, which was still pending. *Held*, that this was not a bar to the action of foreclosure.

APPEAL from a judgment of foreclosure and sale entered upon the trial of this action by the court without a jury.

The action was brought to foreclose a mortgage. In addition to the matters of defence set forth in the following opinion, the answer contained the following counter-claim. This defendant, for a further answer and defence to the whole complaint, by way of counter-claim, says: That on the 22d day of October, 1860, the said Jacob Smith was (if the said note then had any vitality whatever) the owner and holder of said note, and so continued to own and hold it during all the time hereafter stated, and this defendant, on the said 22d day of October, 1860, loaned to said Jacob Smith one hundred dollars in gold coin to wit: Five twenty dollar gold pieces; which the said Jacob Smith promised to return to this defendant, in gold coin, when requested. That said Jacob Smith has not returned the same. That on or about the 1st of January, 1864, this defendant demanded of said Jacob Smith the return of said gold coin, but he refused to return the same. That said gold coin was then worth, in the market, two hundred and

sixty dollars in current bills. That said Jacob Smith, about the same time, paid this defendant one hundred dollars in bank bills, which this defendant agreed to receive, and did receive, on account of said two hundred and sixty dollars, but demanded the said gold or the then value, which the said Jacob Smith refused to pay, and has not paid or delivered the same to this defendant; and there is and was, at the time of the alleged assignment of said note to the plaintiff, due to this defendant on account thereof, one hundred and sixty dollars, with interest from January 1, 1864, which this defendant counter-claims against the plaintiff's claims herein, to the extent of said claim.

*J. Lawrence Smith,* for the appellants.

*Timothy M. Griffing,* for the respondent.

BARNARD, P. J. :

The facts in this case are simple and entirely uncontradicted. In 1852, Howell D. Smith, one of the defendants, became indebted to Jacob Smith and Reuben Edwards, as partners, in the sum of $167, for lumber bought by him of that firm. In October of that year, Howell D. Smith executed a sealed note to Smith & Edwards, and also at the same time executed to them a mortgage on lands as collateral thereto. In 1853, the firm became dissatisfied with the mortgage security, and the note of 1852, with the accompanying mortgage, were given up and canceled, and a new note, with accrued interest added, also sealed, accompanied by a mortgage on other property was substituted in the place of those canceled. The new note and mortgage was for $173.45. Within two or three years thereafter the firm of Smith & Edwards was dissolved, and on the settlement between the partners, this last note, which was payable by its terms to Jacob Smith and Reuben Edwards, was to go to Jacob Smith. Edwards did not indorse the note to Smith, and made no other transfer beyond a delivery thereof to his partner. Jacob Smith, without the consent of his late partner, erased the name of Reuben Edwards as one of the payees, which erasure left the note payable to Jacob Smith alone. There is no ground for a belief that this erasure was made for any evil

purpose. Jacob Smith ignorantly supposed that he owned the note, and could make it so express. He did own it, and there was no possible gain by the erasure to him. He did make the erasure, however, and he probably thereby destroyed the note as such. This action is to foreclose the mortgage. The mortgage is as much a security for $173.45, as was the note ; both were given to secure the lumber bill. That lumber bill followed the transfer by Edwards to Smith, and through their assignment to plaintiff. (*Gerwig* v. *Sitterly*, 56 N. Y., 214.)

The effect of the erasure was to make the note insufficient alone to prove the debt, and it was upon that ground, I presume, the case was sent back before. The erasure did not operate to pay the debt. The mortgage recites the note payable to Smith & Edwards, but it is given to secure the debt upon which the note was founded. The proof of the debt is now abundant and undisputed. If this is the law applicable to the case, there is no question of the statute of limitation. A simple contract debt, barred in six years, secured by a sealed mortgage, may be enforced by foreclosure within twenty years. (*Pratt* v. *Huggins*, 29 Barb., 277; *Heyer* v. *Pruyn*, 7 Paige, 465.)

There is an additional point made, that there is a former suit pending for the same cause of action. In 1866, Jacob Smith sued the note in question ; an answer was put in, and the same has never been tried. While it was pending, and before this action was commenced, Smith & Edwards formally transferred note and mortgage to the plaintiff. Could Jacob Smith sue the note, and after he commenced such action, and before judgment, could he bring an action to foreclose the mortgage ? I can find no authority against such an action. Under the statute regulating the power of the Court of Chancery, no action could be brought without leave of the Court of Chancery after foreclosure actions commenced. (2 R. S., 191, § 153.) Such action at law, if commenced before foreclosure action, could not be proceeded with after the foreclosure action was commenced. The action at law was not a bar to the foreclosure action. (*Suydam* v. *Bartle*, 9 Paige Ch., 294; *Williamson* v. *Champlin*, 8 Paige, 70.) Unless restricted by statute, independent actions may be commenced adapted to different remedies based upon securities collat-

eral to the debt. (*Gambling* v. *Haight*, 59 N. Y., 354.) In October, 1860, Howell D. Smith loaned Jacob Smith $100, payable in gold.

In the fall of 1863 gold was worth 260. Jacob Smith then paid $100 in currency, and refused to pay more. The question is now unimportant, except that Jacob Smith not only had the gold and paid no premium, but has paid no interest in currency. Three years interest on $100 being twenty-one dollars, with interest on this sum from October, 1868, should be deducted from the amount found due at Special Term, and in other respects the judgment should be affirmed, without costs of this appeal.

DYKMAN, J.. concurred; GILBERT, J., not sitting.

Judgment modified, by striking out from judgment twenty-one dollars and interest thereon from October, 1868, and affirmed as to residue, without costs to either party on appeal.