IDA L. V. SOLOGUB, Plaintiff, *v.* LOUIS B. SOLOGUB et al., Defendants.

Supreme Court, Special Term, Albany County, September 29, 1951.

*Sherman S. Rogers* for plaintiff.

*Paul Amerling* for B. Joseph Catchpole and others, defendants.

TAYLOR, J. Plaintiff has moved to strike out the answer of the defendants Catchpole and Clara Blanchard Russell School, Inc., and for summary judgment.

Plaintiff is the wife of defendant Sologub who, with defendants Catchpole on June 15, 1949, executed and delivered to Alexander F. Fisher their joint and several bond and their purchase-money mortgage securing payment of the sum of $12,000 in accordance with their terms, covenants and conditions. On February 28, 1950, the mortgagors conveyed the premises covered by the mortgage to the defendant school. Default was made in the payment of the installment of principal due on February 1, 1951, and the obligee thereof commenced an action on the bond against all obligors liable thereon. The obligor Sologub appeared therein; the obligors Catchpole defaulted.

That action was later discontinued by the plaintiff [Fisher] as to defendant Sologub by stipulation of their respective attorneys. It has since remained *in statu quo* as to the defendants Catchpole. Thereafter and on April 17, 1951, Fisher assigned the bond and the mortgage which collaterally secured its payment to plaintiff who thereupon commenced this action to foreclose the latter. She prays for a deficiency judgment against the obligors Catchpole only.

The defendants' resistance to the granting of the motion is based on the two defenses contained in their answer which are: *first,* that the action to recover on the bond instituted by its obligee Fisher has never been discontinued and is still pending as to them and *second,* that the payment of the mortgage debt was made by plaintiff with funds of her husband and for his benefit, that he is the real party in interest and since he was obligated to pay the same, the mortgage debt was thereby extinguished and satisfied.

The first separate defense is legally insufficient. A prior pending action at law to recover on the bond is not a bar to a suit in equity to foreclose the mortgage which collaterally secures its payment. (*Gillette* v. *Smith,* 18 Hun 10; *Suydam* v. *Bartle,* 9 Paige Ch. 294; *Williamson* v. *Champlin,* 8 Paige Ch. 70.)

The second separate defense is also untenable. The defendants Catchpole have conveyed their interest in the equity of redemption to the defendant school. Hence, they cannot be aggrieved by its sale under foreclosure. In fact, except for the complaint's prayer for a deficiency judgment against them, they are not even necessary parties to the action. The defendant school likewise is in no position to complain. It took title to the mortgaged premises subject to the lien of the encumbrance. The plaintiff by an assignment in writing holds the legal title to the obligating instruments which entitles her to maintain the action against it to enforce collection. (*Morrison* v. *Schmeman,* 166 App. Div. 264, 266; affd. 222 N. Y. 569.) If the defendants Catchpole should be required to pay more than their share of any deficiency judgment, they may enforce contribution against their co-obligor, the defendant Sologub. (*Owens* v. *Blackburn,* 161 App. Div. 827; *Bronner* v. *Walrath,* 208 App. Div. 758; *Aspinwall* v. *Sacchi,* 57 N. Y. 331, 337.)

No triable issue of fact is presented and summary judgment must be and is granted.

Submit order appointing referee to compute.