John A. G-alltjcci, J.
On May 8, 1963, the defendant, The Wheel Inn, Inc., executed and delivered to the plaintiff its corporate note in the principal sum of $20,000, together with interest thereon at the rate of 6% per annum on the original amount of principal indebtedness. The note is payable in equal monthly installments of $266, commencing June 8, 1963, and continuing monthly thereafter until fully paid. The corporate note was executed by its president, Frank P. Sinopoli. He also personally guaranteed the payment of the corporate obligation. Simultaneously and as security for said note, the corporation executed and delivered its mortgage to plaintiff upon premises owned by it and located in Rockland County, New York, which mortgage was recorded in the Rockland County Clerk’s office in Liber 791 of Mortgages, at page 1181. As collateral security for said corporate obligations., plaintiff also obtained from the individual defendant Frank P. Sinopoli and his wife, Rose Sinopoli, their individual bond and mortgage in the principal sum of $10,000, together with interest thereon at the rate of 6% per annum on the original amount of principal indebtedness. The individual bond and mortgage also provide for monthly installment payments of $266 each, commencing June 8,1963, and continuing monthly thereafter until fully paid, and mortgages their premises at Stony Point, Rockland County, New York. The individuals’ mortgage is recorded in the Rock-land County Clerk’s office in Liber 792 of Mortgages, at page 328.
Plaintiff commenced an action against The Wheel Inn, Inc., and Frank P. Sinopoli by the service of a summons and complaint dated December 28, 1967. The complaint alleged default in the payment of the monthly installments provided for by the corporate note commencing March 8, 1967, to and including December 8,1967. The named defendants have entered a general denial to plaintiff’s complaint, an affirmative defense thereto and, also, three counterclaims on behalf of the defendant Frank P. Sinopoli and two counterclaims by the defendant The Wheel Trm; Inc. The plaintiff has replied to the counterclaims and said action is presently pending before the court.
The plaintiff has, by summons and complaint dated October 30, 1970, commenced a second action against the defendant The Wheel Inn, Inc., and others, to foreclose the hereinbefore mentioned corporate mortgage dated May 8, 1963. Plaintiff’s second action alleges default in making monthly payments as provided by said mortgage commencing March 8, 1967, and continuing until October 8, 1970. It seeks judgment of foreclosure *229 and sale and a deficiency judgment against the defendant The Wheel Inn, Inc.
The defendants, The Wheel Inn, Inc., and Scotland Hill Investors, Ltd., now move for an order pursuant to CPLR 3211 dismissing plaintiff’s complaint on the grounds that plaintiff’s foreclosure action is barred by the prior pending action and that plaintiff has failed to obtain the consent of the court to the commencement of its foreclosure action as required by section 1301 of the Real Property Actions and Proceedings Law.
Plaintiff opposes the motion and cross-moves for an order (1) discontinuing plaintiff’s first action; (2) severing the counterclaims set forth in the first action; (3) consolidating plaintiff’s foreclosure action with said counterclaims; and (4) granting leave to plaintiff to maintain his present foreclosure action.
The parties do not dispute that plaintiff’s first action is to recover a part of the mortgage debt secured by the mortgage now sought to be foreclosed and is still pending before this court.
Each party relies on section 1301 of the Real Property Actions and Proceedings Law in support of their respective applications. The defendants contend that plaintiff has not obtained the required leave of the court to commence its foreclosure action and the plaintiff requests that the court grant its consent to the continuance of its foreclosure action.
The court has carefully reviewed section 1301 of the Real Property Actions and Proceedings Law and finds that plaintiff’s foreclosure action is not barred by its prior pending action. The court also finds that the leave of the court is not a necessary prerequisite to plaintiff’s commencement and maintenance of its foreclosure action.
Section 1301 of the Real Property Actions and Proceedings Law which is entitled “Separate action for mortgage debt” provides as follows:
“ 1. Where final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage, unless an execution against the property of the defendant has been issued upon the judgment to the sheriff of the county where he resides, if he resides within the state, or if he resides without the state, to the sheriff of the county where the judgment-roll is filed; and has been returned wholly or partly unsatisfied.
*230 “ 2. The complaint shall state whether any other action has been brought to recover any part of the mortgage debt, and, if so, whether any part has been collected.
‘ ‘ 3. While the action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought.” (Added L. 1962, ch. 312, § 27, eff. Sept. 1, 1963.)
In the instant case, plaintiff has not obtained a final judgment in its pending action to recover a part of the mortgage debt. (Real Property Actions and Proceedings Law, § 1301, subd. 1.) The complaint in plaintiff’s foreclosure action alleges the pendency of plaintiff’s prior action and, therefore, is not subject to dismissal for failure to comply with subdivision 2 of section 1301 of the Real Property Actions and Proceedings Law. Plaintiff’s foreclosure action has been commenced subsequent to its pending action and does not require the leave of the court provided for in subdivision 3 of section 1301 of the Real Property Actions and Proceedings Law.
Section 1301 of the Real Property Actions and Proceedings Law does clearly bar a foreclosure action where final judgment has been obtained by a plaintiff in an action to recover any part of the mortgage debt until after execution has been returned wholly or partly unsatisfied. Said section also clearly requires the leave of the court to commence an action to recover any part of the mortgage debt while a foreclosure action is pending or after final judgment has been awarded to a plaintiff therein.
Section 1301 of the Real Property Actions and Proceedings Law does not, however, set forth the procedure to be followed where a plaintiff commences an action to recover a part of the mortgage debt, and while such action is pending and before any final judgment is obtained therein, then commences an action to foreclose the mortgage securing the debt. It also fails to make provision where, as in this case, the defendants in each action are not common defendants.
In the absence of an express statutory prohibition, 1 ‘ A prior pending action at law to recover on the bond is not a bar to a suit in equity to foreclose the mortgage which collaterally ■secures its payment. (Gillette v. Smith, 18 Hun 10; Suydam v. Bartle, 9 Paige Ch. 294; Williamson v. Champlin, 8 Paige Ch. 70.) ” (Sologub v. Sologub, 200 Misc. 829, 831.)
The court finds that although section 1301 of the Real Property Actions and Proceedings Law restricts and limits the rights of a holder and owner of a bond or note and mortgage to *231 pursue, at the same time, alternate remedies in enforcement ■thereof, it does not totally bar or prohibit concurrent actions by a plaintiff or require the leave of the court in all instances of dual enforcement of remedies. Indeed, if it were the legislative intent to absolutely prohibit simultaneous actions to foreclose the mortgage and to recover on the mortgage debt secured thereby, the Legislature would have so provided. It also would not have enacted subdivision 3 of section 1301 of the Real Property Actions and Proceedings Law, which permits both actions to proceed after leave of the court has been obtained and, further, requires leave of the court only when a plaintiff seeks to commence an action to recover a part of the mortgage debt either during or after a prior foreclosure action.
The court in making its decision is fully aware that section 1301 of the Real Property Actions and Proceedings Law and its predecessor sections, sections 1077 and 1078 of the Civil Practice Act, and rule 255 of the Rules of Civil Practice, indicate a general legislative policy of the State of New York that the owner and holder of a bond or note and mortgage may not, without court consent, pursue his election of remedies at the same time. (Kamerman v. C. D. C. Furniture Mfg. Corp., 5 Misc 2d 27.) The court is also aware that courts of the State of New York have repeatedly ruled that although the owner and holder of a bond or note and mortgage has two remedies in enforcement thereof, namely, to recover a judgment for the debt owed, or to proceed to foreclose the mortgage secured thereby, a party may not pursue or enforce both remedies at the same time. (White Factors v. Friedman, 32 Misc 2d 978; First Nat. Bank & Trust Co. v. Eisenrod, 263 App. Div. 227; White v. Wielandt, 259 App. Div. 676, amd. on other grounds 260 App. Div. 871, affd. 286 N. Y. 609; President and Directors of Manhattan Co. v. Callister Bros., 256 App. Div. 1097; French v. French, 107 App. Div. 107; Dudley v. Congregation of Third Order of St. Francis, 138 N. Y. 451.) Judicial findings regarding the extent and application of the prohibitory rule have not, however, been consistent. (See Daint-I-Way Laundry v. Suey H. NG, 89 N. Y. S. 2d 867; Sologub v. Sologub, 200 Misc. 829, supra.)
The court’s decision is based upon a strict construction of section 1301 of the Real Property Actions and Proceedings Law, which statute is itself in derogation of the right of a party plaintiff at common law to pursue his alternate remedies of foreclosure and an action to recover the mortgage debt at the same time.
*232 Since section 1301 of the Beal Property Actions and Proceedings Law as it presently exists does not expressly cover the factual situation set forth in this instant matter, and because of the apparent conflicting court rulings on said factual situation, clarification by legislation or decision of an appellate court would be appropriate.
Accordingly, defendants’ motion is denied.
The court having denied defendants’ motion, plaintiff’s cross motions have become moot and are denied without prejudice.