CHARLES W. SCOFIELD, Appellant, v. CHARLES DOSCHER, Executor, etc., Respondent.

The owner of a debt secured by mortgage, who holds an obligation or covenant for its payment or collection, given by a person other than the mortgagor, cannot enforce the obligation by action during the pendency of, or after judgment in an action to foreclose the mortgage, unless authorized by the court.

The provisions of the Revised Statutes in reference to judgments in and the parties to foreclosure suits (2 R. S., 191, §§ 152, 153, 154,) are parts of one system, and are to be construed together, the object being to confine all the proceedings for the collection of the mortgage debt to one court and one action.

Accordingly held, that an action was not maintainable, brought without leave of the court, to recover a deficiency arising on foreclosure sale against the executor of a grantee of a portion of the mortgaged premises, who had covenanted to pay a portion of the mortgage.

Also, held, that the lack of authority to sue was not a defense necessary to be pleaded and proved affirmatively by defendants, but as there was no right of action without the authority, it was for the plaintiff to allege, or at least to prove it, in order to maintain his action.

(Argued February 4, 1878; decided February 12, 1878.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of defendant, entered upon a decision of the court at Special Term. (Reported below, 10 Hun, 582.)

This action was brought to recover an alleged deficiency arising on foreclosure sale, against defendant as executor of the will of John Heiden, upon a covenant on the part of the testator to pay portions of a mortgage debt contained in two deeds from the mortgagor to said Heiden, of portions of the mortgaged premises.

On the 1st April, 1872, one Peter Donlan, executed and delivered to the plaintiff his bond accompanied by a mortgage upon certain lands in the city of Brooklyn, to secure the payment of the sum of $3,400 with interest. On the twentieth September, thereafter, Donlan sold a portion of the premises to Heiden, defendant's testator.

The deed stated that the conveyance was made subject to and that as part of the consideration of the sale Heiden agreed to pay $2,050 of the principal sum secured by the mortgage. On the 30th November, 1872, Donlan sold another portion of the mortgaged premises to Heiden; the deed contained a covenant on the part of the grantee to pay, as part of the purchase-price, the further sum of $700 of the said mortgage. In November, 1873, the plaintiff commenced an action in this court to foreclose the mortgage; defendant Doscher, executor of Heiden, was made defendant. The complaint asked for judgment for any deficiency which should arise upon the sale of the mortgaged premises against Donlan, but not as against Doscher. Notice was served with the summons that no personal claim was made in the foreclosure action against Doscher, as executor. He did not appear upon the sale; there was a deficiency; judgment was perfected in the action for the deficiency against Donlan.

*Theron G. Strong,* for appellant. It was not necessary to apply for leave to sue. (*Williams* v. *People,* 24 N. Y., 409; *People ex rel.* v. *Batchellor,* 53 id., 135; *Buffalo T. R. Co.* v. *Comm'rs,* 10 How. Pr., 238; *President, etc.,* v. *Miller,* 5 J. Ch., 101.)

*Benj. M. Stilwell,* for respondent. Judgment for any deficiency should have been taken in the foreclosure suit, and the judgment therein is a bar to this action. (2 R. S., 199, §§ 152, 154; *Le Guer* v. *Gouverneur,* 1 J. Cas., 430; *Cook* v. *Grant,* 1 Paige, 407; *Stowell* v. *Chamberlin,* 60 N. Y., 272.) This action could not be brought until leave had been obtained from the court. (2 R. S., 199, § 153; Code, §§ 148, 162; *Glover* v. *Tuck,* 24 Wend., 153; *Paten* v. *Kingsbury,* 12 Hun, 597; *Stevens* v. *Eq. L. Ins. Co.,* 63 N. Y., 341.)

FOLGER, J. We are of the opinion that sections 152, 153, 154, chap. 1, art. 6, title 2, of the Revised Statutes (2 R. S.,

191), are in purpose and effect parts of the same enactment, and to be construed and applied together. A reference to the reviser's notes (5 Edmond's Stat. at Large, 508) shows that the 152d and 153d sections were reported, and we must assume enacted, to give the court in which the foreclosure of the mortgage was had, full jurisdiction over the whole subject, and to save the necessity of actions at law, and to allow one court to dispose of the whole subject, instead of compelling parties to resort to other tribunals. The need or reason for such legislation was shown in *Equitable Life Insurance Society* v. *Stevens* (63 N. Y., 343), and is applicable to every case where the owner of the mortgage has any personal security for the mortgage debt, whether it be the bond of the mortgagor or the covenant of another person. Now, when the same court has both jurisdictions, and can give all needed relief, this purpose is still more to be regarded, and effect still more to be given to the enactment. It seems that sections 151, 152, and 153, were reported by the revisers, and that section 154 originated in the Legislature. This will account for the collocation of the sections, which is apt to mislead. Evidently, however, section 154 is part of the same plan as the sections 152 and 153. It provides that any other person than the mortgagor, who shall have executed an obligation or other evidence of debt, may be made a party to *the* bill. What bill? Why the bill named in section 152—the bill filed for the satisfaction of a mortgage. Section 153 provides that after *such* bill—what bill? Why the bill named in section 152; the bill filed for the satisfaction of a mortgage. After such bill shall be filed, while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court; so that not only is the purpose of the sections alike, as disclosed by the revisers, and as carried further by the Legislature, but the language of them is alike and leads to the same end in each. The subsequent sections 155 and 156 are to the same end, and show the purpose to

be to confine all the proceedings to recover a mortgage debt to one court. That purpose goes through all· the sections cited, and makes one consistent plan.

And to that effect was the decision in *Suydam* v. *Bartle* (9 Paige, 294). There a bond and mortgage were given to Suydam and others by Bartle and others. They were given to secure the ultimate payment of certain bills of exchange, drawn by Bartle and others, accepted by Suydam and others, and signed by Westfall. The last-named was not an obligor in the bond. Action had been commenced on the bills of exchange, and Westfall had set up a defense. Then a suit was brought to foreclose the mortgage, to which suit Westfall was not a party. Suydam applied to the chancellor for authority to proceed with the action at law on the bills of exchange against Westfall. The chancellor held that the commencement of the foreclosure suit deprived the plaintiff of the right to proceed in · the action at law, without authority from chancery, and held the 153d section applicable to the case ; though under the circumstances of the case he gave permission for the suit to proceed. He said that the object of the Legislature was to relieve the mortgagor from a double liability, and that when it was evident the mortgagee could have a perfect remedy against all persons liable for the payment of the debt, by a decree over for the deficiency, if he had chosen to make them all parties to the foreclosure suit, it might not be a proper exercise of the discretion of the court to allow the action at law to proceed; and in *Pattison* v. *Powers* (4 Paige, 549) it was held that the provisions of the one hundred and fifty-sixth section were not limited to proceedings at law upon the bonds or other collateral securities of the mortgagor, but applied in a case where a subsequent grantee of the mortgagor had assumed the payment of the mortgage and had given his own bond as collateral. The effect of these decisions is to recognize all these sections as part of the same legislative scheme, and that the rule applicable to one applies also to the other.

*Comstock* v. *Drohan* (71 N. Y., 9); *S. C.*, below (8 Hun, 373),

does not conflict. There the plaintiff was the mediate or intermediate grantee of the mortgagor, and had been made liable on his covenant for the deficiency, he having been made a party to the foreclosure suit. He paid, and sued the defendant, who was his grantee, on her covenant to him to pay the mortgage debt. It was held that he could maintain his action though she had not been made a party to the foreclosure suit, without first getting authority to sue from the court. It was put, however, upon the ground that the statute applied to the holder of the mortgage only, "who may and should inforce his claim for a deficiency in the foreclosure suit," is the language of the court. It follows then that the owner of the mortgage debt, who holds an obligation or covenant for its payment or collection, given by a person other than the mortgagor, cannot inforce it by action, unless authorized by the court. This is the natural and obvious construction of the statute as a whole, and so, though the statute is in derogation of the common law, it is as strict as the rule of interpretation for such statutes demands.

Doubtless the force of the language of the 154th section is permissive. It confers power, without exacting the exercise of it in every case. So is the 152d section. The mortgagee or other holder of the mortgage may ask, in his complaint, for no relief save the foreclosure of the mortgage and a sale of the mortgaged premises; and he may make such allegation, and bring in such parties only as are needed to that end. (§ 151, 2 R. S. [*supra*].) But if the sale does not produce enough to satisfy the mortgage debt, and he wishes to proceed at law upon any obligation or other evidence of debt by which the mortgage debt is further secured, he must have the authority of the court, and takes the hazard of obtaining it; for, as before said, the aim of the statute is to dispose of the matter in one proceeding.

Nor was the lack of authority from the court to sue, a defense which should have been pleaded and proven affirmatively by the defendant. The authority to sue was at the very basis of the right to sue. There was no right of action

until the court had given one; so that it was for the plaintiff to allege it, or at least to prove it, before he made out a right to maintain his action; and there being no proof on the subject from the plaintiff, the court had a right to infer that the authority had never been given, and to find that it did not exist. It is different from a defense of the statute of limitations or of usury. When such defenses are relied upon, they must be pleaded, and proof made that they exist; for the plaintiff makes a *prima facie* case by proving the existence and ownership of his demand, without proving anything else at the same time to show that he has a right to sue upon it. He may bring a suit, though more than six years have elapsed from the time when the cause of action arose; and to the defense of the statute may show facts which countervail it, such as a new promise. But here, when he has shown that this action is for a deficiency upon a foreclosure of a mortgage and sale of the lands, he shows at the same instant that he must have authority from the court to bring his action; and, unless he has that, he has no present right of action.

We are not called upon on this appeal to enter into the equities of the case, and to determine whether the plaintiff may well ask for authority. We will not enter upon that topic, though the door is opened by the points.

The judgment appealed from should be affirmed. ·

All concur, except ALLEN, J., absent.

Judgment affirmed.