## SUPREME COURT.

SUSANNA W. THORNE agt. SARAH B. NEWBY and others.

*Foreclosure of mortgage — Parties — Judgment for deficiency.*

In an action to foreclose a mortgage, the bond accompanying the mortgage being executed by a person other than the mortgagors as well as by the mortgagors, it is proper to make such obligor a party to the action and to demand against all the obligors a judgment for any deficiency.

The objection that an action "*in personam*" at law is united with a claim "*in rem*" in equity is not well taken (2 *R. S., p.* 191, *sec.* 154; *Scofield* agt. *Doscher,* 72 *N. Y.*, 491).

*Special Term, February,* 1880.

DEMURRER to complaint.

*Robert P. Harlow,* for demurrer.

*Henry W. Clarke,* opposed.

VAN VORST, *J.* — This is an action for the foreclosure of a mortgage made by the defendants, Sarah B. and Emma B. Newby. The bond executed by them at the same time, and bearing even date with the mortgage, is also executed by *Thomas B. Newby.* A decree is asked for a sale of the mortgaged premises and for a judgment for any deficiency that may arise on such sale against *all the defendants.*

The defendants demur on the ground that the complaint does not state facts sufficient to constitute a cause of action, and because causes of action are improperly united in this, to wit: A cause of action "*in personam*" at law has been united with a cause of action "*in rem*" and in equity; an action on the bond being, in substance, united with a claim to foreclose a mortgage.

The Revised Statutes provide, that if the mortgage debt be secured by the obligation or other evidence of debt of any other person besides the mortgagor the complainant may make such person a party to the bill, and the court may decree payment of the balance of such debt remaining unsatisfied after a sale of the mortgaged premises, as well against such other person as the mortgagor, and may enforce such decree as in other cases (2 R. S., p. 191, sec. 154).

The same provision is, in substance, found in section 167 of the former Code and is still in force.

These authorities justify the plaintiff in joining in this action all the parties to the bond, the payment of which is secured by the mortgage sought to be foreclosed, and in demanding a judgment against all the obligors for any deficiency which may arise. As is said by FOLGER, J., in *Scofield* agt. *Doscher* (72 *N. Y.*, 491): "The statute," to which reference is made above, "was enacted to give the court, in which the foreclosure of the mortgage was had, full jurisdiction over the whole subject, and to save the necessity of actions at law and to allow one court to dispose of the whole subject instead of compelling the parties to resort to different tribunals" (*Equitable Life Ins. Co.* agt. *Stevens*, 63 *N. Y.*, 341; *In Matter of Collins*, 17 *Hun*, 289).

But since there is at present power in this court to administer redress, both legal and equitable, and to direct issues of fact arising in actions called equitable to be determined by a jury, all objections to the plaintiff's complaint of the nature indicated by the demurrer is removed.

There should be judgment for the plaintiff on the demurrer, with costs.