WILLIAM P. EARL, RESPONDENT, *v.* CAROLINE F. DAVID, APPELLANT.

*Leave to bring an action at law, to recover a deficiency arising on a foreclosure sale — may be granted after the action has been commenced.*

Where a plaintiff has, without first obtaining leave from the court, brought an action at law to recover a deficiency arising on the sale of certain premises under a decree of foreclosure entered in a former action, the court may, upon his application, and upon such terms as are just, grant him leave "to bring and continue" the action without prejudice to the proceedings already had.

APPEAL from a judgment in favor of the plaintiff, entered upon an order overruling a demurrer to the complaint.

On June 9, 1877, the plaintiff commenced an action to foreclose a mortgage given to him by Mary J. and Amos Tenny, upon premises which had been subsequently sold to the present defendant, who assumed the payment thereof. To that action the Tennys and the present defendant were made defendants. A decree of foreclosure was entered therein on September 28, 1877, and a judgment for the deficiency arising on the sale thereunder was entered against all of the defendants on November 12, 1877. Subsequently, on the application of the defendant herein, the judgment as to her was vacated on the ground that she was a non-resident and that the summons had been served on her by

publication only. Thereafter the plaintiff brought this action to recover the said deficiency, setting forth the foregoing facts in the complaint, to which the defendant demurred on the ground that he had not first obtained permission from the court to bring it. The demurrer was sustained and the plaintiff was allowed to amend his complaint and continue the action, without prejudice to the proceedings had therein. To the amended complaint the defendant again demurred, upon the grounds that the court had no jurisdiction of the subject-matter of the action ; that another action was pending between the same parties for the same cause, and that the complaint did not state facts sufficient to constitute a cause of action.

*Walter S. Logan*, for the appellant. The action is to recover a debt secured by a mortgage, and could not be brought without leave to sue. (2 R. S., 191, § 153; *Scofield* v. *Doscher*, 72 N. Y., 491.) The right to sue is an essential element of the cause of action. It must be granted before suit is brought, and so alleged in the complaint, or no cause of action appears. (*Graham* v. *Scripture*, 26 How., 507; *Smith* v. *Britton*, 45 id., 428; *Porter* v. *Kingsbury*, 71 N. Y., 588; *Scofield* v. *Doscher*, 72 id., 491.)

*John M. Martin*, for the respondent. The first ground of demurrer is utterly untenable, the Court of Appeals having often held that this court has jurisdiction of actions to recover deficiencies arising on foreclosure. (*Burr* v. *Beers*, 24 N. Y., 178; *Ricard* v. *Sanderson*, 41 id., 199; *Barker* v. *Bradley*, 42 id., 316; *Barlow* v. *Myers*, 64 id., 41.)

Davis, P. J. :

The amended complaint alleges that, by an order dated the 26th of July, 1878, this court granted leave to the plaintiff "to bring and continue this action for the recovery of the deficiency mentioned in the original complaint herein, without prejudice to the proceedings then had in said action, and to amend his summons and complaint upon payment of the costs of the defendant's demurrer to the complaint." This allegation is a material one, and is therefore admitted by the demurrer. The order must be

regarded as one giving leave *nunc pro tunc* to bring the action, and as having the same legal effect as though it had been made before the action was in fact commenced.

I see no reason why the court may not make such an order *nunc pro tunc* on proper conditions as to costs, and thus save, as justice may often require, the benefit of the proceedings already had.

It also appears, by the allegations of the complaint, that the judgment for deficiency in the foreclosure case had been vacated and set aside by an order of the court on the motion of the defendant, on the ground that the judgment against her for such deficiency was invalid for non-service of process. No remedy was left to the plaintiff, therefore, but to commence this action upon the bond to recover such deficiency, and the case is not within the spirit of the statute, although covered by its letter.

For these reasons, as well as for those expressed by my brother Barrett, I concur in his opinion that the judgment should be affirmed.

Barrett, J. :

Leave to sue was undoubtedly essential. (*Scofield* v. *Doscher*, 72 N. Y., 491; 2 R. S., 191, § 153.) But this has now been obtained and is set up ; that is sufficient. The statute should not be technically construed. What is substantial and important is, that the plaintiff should not be permitted to proceed without authority.

There is nothing in the other points. As we read the complaint, leave to sue was unconditional. It was the amendment which was upon payment of costs. If the fact be otherwise, and the costs have not been paid, the defendant can so plead.

The order should be affirmed, with costs.

Brady, J. (dissenting).

When this action was commenced the plaintiff had not obtained leave of the court to sue, which was essential for the maintenance of his action.

I understand this rule to have been absolutely declared in the case of *Scofield* v. *Doscher* (72 N. Y., 491), referred to in the opinion of Barrett, J., and in which the court say :

" But here, when he has shown that this action is for a deficiency upon a foreclosure of a mortgage and sale of the lands, he shows at the same instant that he *must have authority* from the court to bring his action, and unless he has that he has no *present right of action* at all."

The court cannot confer upon an amendment such retroactive power as to create a right of action, and cannot legalize therefore in that way an action which had no legal vitality at the time of its inception.

Judgment affirmed, with costs.