JOHN T. FARISH, RESPONDENT, *v.* DAVID AUSTIN AND OTHERS.

*A judgment obtained in an action brought upon a judgment of the Supreme Court, without first obtaining leave so to do, is invalid — old Code, sec. 71.*

The bringing of an action upon a judgment recovered in the Supreme Court of this State without first obtaining the leave of the court so to do, as required by section 71 of the old Code, is not a mere irregularity which is waived by the omission of the defendant to raise the objection, but the omission to obtain such leave renders the judgment invalid and the same will be set aside upon the application of the administrator of the deceased judgment debtor, made sixteen years after the entry of the said judgment.

APPEAL from an order made at Special Term denying a motion made on the petition of William S. Mount, executor of Charles B. Spicer, one of the defendants in the above entitled action, to set aside the service of the summons and complaint and to set aside and vacate the judgment entered by default. This action was brought upon a prior judgment, without the leave of the court being first obtained.

*O. J. Wells*, for the petitioner, appellant.

*A. B. Cruikshank*, for the plaintiff, respondent.

PER CURIAM:

The question in this case arose upon the following facts:

On the 7th of May, 1852, John F. Farish recovered a judgment against the defendants David Austin, John H. Austin, George W. Austin and Charles B. Spicer, in the Supreme Court of this State, for the sum of $10,690.25.

In 1862 an action was brought by the same plaintiff against the same defendants upon the judgment so recovered, upon which, after personal service of the summons and complaint on the several defendants, judgment was entered by default against all the defendants for $17,169.19 on the 30th of August, 1862. In September, 1878, the defendant Charles B. Spicer died leaving a last will and testament by which he nominated William S. Mount the petitioner,

as executor. The will was duly admitted to probate, and the petitioner duly qualified as executor. Funds came into his hands amounting to $1,300, which were solely individual assets of said Charles B. Spicer. The plaintiff in the last-mentioned suit served upon the executor proof of the judgment and obtained an order of the surrogate requiring the executor to show cause why the judgment should not be paid. The executor rejected the claim founded upon the judgment, and the Surrogate's Court held that it would be enforced unless attacked by the executor.

The petition shows that Spicer was more than twenty years ago a co-partner with the Austins, named as defendants in the judgment, under the firm name of Austin & Spicer, and it avers that if said judgment is properly provable against the deceased's estate it will consume the balance in the hands of the executor and nothing will remain for the payment of more recent individual debts, which he claims are entitled to a preference in equity. He insists that the judgment is void because the action was brought upon a judgment of the Supreme Court, without leave having been obtained to bring the same, and he prays that so far as the testator is concerned the judgment may be vacated and set aside, or that he have leave to bring an action to vacate and set aside the judgment. This motion was denied by the court below.

Section 71 of the Code provides as follows: " No action shall be brought upon a judgment rendered in any court of this State, except a court of a justice of the peace, between the same parties, without leave of the court for good cause shown on notice to the adverse party."

This language in explicit terms forbids the bringing of an action upon a judgment without such leave, and it declares in substance that such leave must be obtained for good cause shown on notice to the adverse party.

There is no allegation in the complaint that such leave was obtained, nor is there any proof given in answer to the motion, showing that such leave had been obtained.

The question whether the bringing of a suit on a judgment without such leave is a mere irregularity, which may be waived by the defendant's not objecting in time or otherwise, or whether such leave is a substantive right which must be shown to exist, is one

much in conflict in the authorities. In *Lane* v. *Salter* (4 Robt., 239) it is held to be a mere irregularity, and in *Finch* v. *Carpenter* (5 Abb., 225) that the proper remedy is by motion to set aside the complaint, and on such motion leave to sue *nunc pro tunc* should not be granted, but the plaintiff should be left to his direct motion for such leave. And in *Goodyear Company* v. *Frisselle* (57 How., 255); *Thompson* v. *Sutphen* (2 E. D. Smith, 527) and *Mills* v. *Winslow* (Id., 18) it was held that the question was a jurisdictional one, and the absence of the order granting leave was fatal to the maintenance of the action.

In *Hastings* v. *Farmer* (4 N. Y., 296) the action was brought upon a contract made by an Indian. The statute (2 R. L., 153, § 2) declares that no person "shall sue or maintain any action" upon such a contract. The Court of Appeals held that the act being forbidden by law, is, if performed, illegal and void. The party performing it, in direct conflict with the statutes, cannot be permitted to derive any advantage from it. The principle of that case is analogous to the one presented in this, because the language of the Code is equally peremptory. "No action shall be brought * * * without leave of the court for good cause shown, on notice to the adverse party." (Sec. 71.)

In *Schofield* v. *Doscher* (72 N. Y., 491) the action was brought to recover an alleged deficiency arising on a covenant to pay a portion of a mortgage debt, upon lands contained in deeds from the mortgagor to one Heiden, the alleged covenantor. It appeared that in November, 1873, the plaintiff had commenced an action to foreclose the mortgage, making the defendant Doscher, the executor of Heiden a party, and the complaint asked for judgment for deficiency against the mortgagor, but not against Doscher. Notice was served that no personal claim was made against Doscher. He did not appear upon the sale, and judgment for deficiency was obtained against the mortgagor. The point was made that the action upon the covenants could not be brought without leave of the court under section 153 of the Revised Statutes (2 R. S., 191), and the Court of Appeals sustained the objection. The learned judge who pronounced the opinion said: "But if the sale does not produce enough to satisfy the mortgage debt, and he (the plaintiff) wishes to proceed at law upon any obligation or other evidence of debt by which the mort-

gage debt is further secured, he must have the authority of the court and takes the hazard of obtaining it, for as before said the aim of the statute is to dispose of the matter in one proceeding. Nor was the lack of authority from the court to sue, a defense which should have been pleaded and proven affirmatively by the defendant. The authority to sue was at the very basis of the right to sue. There was no right of action until the court had given one, so that it was for the plaintiff to allege it or at least prove it before he made out a right to maintain his action."

It is difficult to see any distinction between the principle of that case and the one governing the case before us, and we think that the balance of authority is in favor of the appellant's position that the judgment upon which the claim is presented is not a valid one, and that the prayer of the petition should have been granted.

The order should be reversed, with ten dollars costs and disbursements, and an order entered granting the motion.

Present — Davis, P. J., Brady and Daniels, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted.