BEDCRO REALTY CORPORATION, Appellant, *v.* TITLE GUARANTEE and TRUST COMPANY, Defendant, and BROOKLYN TRUST COMPANY, as Trustee, Defendant-Respondent.

Argued April 12, 1943; decided June 18, 1943.

*Bruce R. Duncan* and *Robert B. Duncan* for appellant.

*Patrick J. Mahoney* and *Ralph W. Crolly* for respondent.

RIPPEY, J. Plaintiff brought this action to compel the defendants to return a guaranteed mortgage certificate of the face

value of $15,000, and for an accounting of income received thereon and the payment thereof to plaintiff.

As security for the payment of interest on a mortgage debt of the plaintiff to the Title Guarantee & Trust Company and for the payment of taxes, assessments and water rents against the real property secured by the mortgage, the Trust Company held a guaranteed mortgage participating certificate of the face value of $15,000, belonging to plaintiff, which was secured by a mortgage on other property. The security was not used for that purpose but was still in the possession of the mortgagee when it foreclosed the mortgage for default in the payment of interest and taxes. The mortgage was given to secure the payment of the principal amount of $475,000. Upon the sale of the property on foreclosure to satisfy the entire mortgage debt, including the unpaid interest and taxes, the mortgagee bid in the property for $1,000, subject to taxes, water rates and assessments, leaving a deficiency in the amount required upon the sale of $559,481.96. Title to the property passed to an assignee of the bidder and the referee's report of sale was confirmed. Prior to the confirmation of the referee's report, an application was made for leave to enter a deficiency judgment but it was subsequently withdrawn. Accordingly, no application was made as required by section 1083-a of the Civil Practice Act and no deficiency judgment was secured. In those circumstances, as expressly provided by section 1083-a, "the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist." Failure to move for a deficiency judgment as authorized by that section raised a conclusive presumption that the value of the property received by the mortgagee on foreclosure equaled, at least, the entire " mortgage debt " and no right remained to enforce payment thereof, in whole or in part, from any other security. Taxes and interest were an integral part of the " mortgage debt " within the meaning of section 1083-a at the time of the entry of judgment of foreclosure and sale of the mortgaged property (*Rossbach* v. *Rosenblum*, 284 N. Y. 745; *White* v. *Wielandt*, 286 N. Y. 609) and the mortgagee so construed the section when it brought its action to foreclose for default in the payment of interest and taxes.

Certificates of indebtedness in the bond and mortgage, guaranteed by the Bond and Mortgage Guarantee Company, were issued by the Title Guarantee and Trust Company and sold to the public. In a proceeding under chapter 19 of the Laws of 1935, as amended, approving a plan of reorganization of the rights of certificate holders, the Brooklyn Trust Company was appointed trustee for the mortgage certificate holders and acquired title to the real property and to a guaranteed mortgage participation certificate for $15,000 which had previously been issued to the Mortgage Commission in the place of the certificate originally issued to the Title Guarantee and Trust Company as trustee for the plaintiff. Thereafter, the Brooklyn Trust Company transferred the real property to one Siegelbaum for a sum less than that reported in the referee's report of the foreclosure sale as needed to satisfy the mortgage debt and costs and expenses of the suit. The trustee is claiming that it may apply the certificate now in its hands and the income therefrom on the balance of the deficiency arising after the transaction with Siegelbaum. The Brooklyn Trust Company as assignee of the substituted certificate has no greater right to apply that certificate and income therefrom toward the liquidation of that deficiency than the original mortgagee, the Title Guarantee and Trust Company, had to apply the original certificate with accrued income thereon which it held as trustee for plaintiff toward the liquidation of a part of the original mortgage debt.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LEWIS and CONWAY, JJ., concur; LOUGHRAN and DESMOND, JJ., dissent.

Judgment accordingly.