KINGS COUNTY SAVINGS BANK, Plaintiff, *v.* FULTON SAVINGS BANK KINGS COUNTY et al., Defendants.

Second Department, December 18, 1944.

*Charles Halla* for plaintiff.

*Walter E. Warner, Jr.,* for Clara F. Warner, individually and as executrix of Walter E. Warner, deceased, defendant.

*Per Curiam.* This controversy is between the Kings County Savings Bank and defendant Clara F. Warner, individually and

as executrix of the estate of her husband, Walter E. Warner. Defendant Fulton Savings Bank is merely a stakeholder.

The stipulated facts are that on October 13, 1931, Walter E. Warner and Clara F. Warner were the owners of a $4,000 mortgage covering premises 62 Putnam Avenue, Brooklyn, New York, and on that day sold and assigned the mortgage to the plaintiff. As part of that transaction the plaintiff had sought to have the principal amortized at the rate of $75 semiannually, but the owner of the property had refused to make such payments. In order to induce plaintiff to purchase the mortgage, the Warners guaranteed that if the principal amount of the mortgage was not reduced to $3,500 before December 1, 1934, they would pay plaintiff on demand at any time after that date the sum necessary to reduce the principal to $3,500, and also delivered two savings bankbooks and assigned the moneys in the accounts represented by the books to the plaintiff, payable on demand after December 1, 1934.

No amortization or reduction payments were made between the time of the execution of the agreement in 1931, and December 1, 1934. On September 18, 1936, the Warners advised the Fulton Savings Bank not to honor any demand which plaintiff might make for payment out of their account, claiming that under sections 1077-a and 1077-b of the Civil Practice Act they could no longer be compelled to make payments in reduction of the mortgage. Following that notice, the Fulton Savings Bank refused to pay the plaintiff.

On March 3, 1942, plaintiff commenced an action to foreclose the mortgage. The Warners were not made parties to that action. The premises were sold under the judgment of foreclosure to plaintiff for $500. The Warners were not notified of the sale and therefore made no bid. After the sale, the plaintiff, without notice to them, obtained a deficiency judgment for $2,773.19 against the owner of the property, the referee having found after a hearing that the property was worth only $2,500. The premises at the time were assessed for $6,000 and the Warners' resources were then in excess of that amount. Subsequently, plaintiff sold the property for $2,800. The parties have stipulated that the amounts of the deficiency judgment and the sales price of the property, heretofore referred to, are not binding and conclusive on the Warners. During the entire period covered by the foreclosure action, the Warners were residents of this State, physically present in the city of New York.

Plaintiff demands judgment for $500 payable from the account in the Fulton Savings Bank. The latter asks that the rights of the other parties to the fund be fixed and that it be permitted to pay the proper party. The defendant Warner in substance demands judgment that she is entitled to all of the moneys in both savings accounts which were assigned to the plaintiff.

The agreement in question is a guarantee that if the mortgagor does not pay the amounts as therein provided, the Warners will pay the sum " necessary to reduce the principal to Three thousand five hundred ($3,500) Dollars ". It " is a separate and independent contract, involving duties and imposing responsibilities very different from those created by the original contract to which it is collateral." (*Pink* v. *Investors Syndicate Title & Guaranty Co.*, 246 App. Div. 172, 175, affd. 273 N. Y. 483.) It was an undertaking that if the mortgagor did not pay part of the mortgage debt, the Warners would do so. They, therefore, are entitled to the protection of the mortgage moratorium statutes. Since they were not made parties defendant in the foreclosure action, and no notice of the application for the deficiency judgment was given to them, as provided in section 1083-a of the Civil Practice Act, the proceeds of the sale must be deemed to be in full satisfaction of the mortgage debt as to them, and no right to recover any deficiency in any action or proceeding exists. (Cf. *Bedcro Realty Corp.* v. *Title Guarantee & Trust Co.*, 290 N. Y. 520.)

Furthermore, this action is not maintainable, since leave of the court was not obtained as required by section 1078 of the Civil Practice Act. On the contrary, an order granting such leave was reversed by this court in connection with a prior action by this plaintiff for the same relief as is sought here. (*Matter of Warner*, 267 App. Div. 775.)

Judgment is therefore directed in favor of defendant Warner for the relief demanded in the submission, without costs.

ADEL, J. (dissenting). I dissent and vote to direct judgment in favor of the plaintiff, as demanded in the submission.

The 1931 transaction, evidenced by the assignment in writing, in legal effect was a sale of a mortgage for $3,500. The Warners' obligation to refund $500 was primary and absolute. They did not undertake to pay any part of a mortgage debt upon the default of another. Nor was the relationship of guarantor created, for the reason that no principal obligation by a third party existed, the payment of which was undertaken by the Warners. Inasmuch as the Warners did not undertake to pay

a mortgage debt, the provisions of the emergency moratorium statutes are not available to them. They were sellers of a $4,000 mortgage. The purchaser of the mortgage was willing to advance only $3,500 on the security of the real property covered by the mortgage. The remaining $500 was advanced on the security of the assigned savings bank passbooks.

CLOSE, P. J., CARSWELL and LEWIS, JJ., concur in *Per Curiam* opinion; ADEL, J., dissents and votes to direct judgment in favor of plaintiff as demanded in the submission, in memorandum in which HAGARTY, J., concurs.

Judgment directed in favor of defendant Warner for the relief demanded in the submission, without costs.