In the Matter of a Plan by MORTGAGE COMMISSION OF THE STATE OF NEW YORK with Respect to a Mortgage Covering 205 Lots of Vacant Land in Jackson Heights, Borough of Queens, Guaranteed by Bond and Mortgage Guarantee Company. (Guarantee No. 181,350.) QUEENSBORO INVESTING COMPANY et al., Appellants; FRED L. GROSS, as Trustee for Certificate Holders, Respondent-Appellant; JAMES F. DONLAN, for Bureau of Trust Supervision, et al., Respondents.— Appeal by the R. F. C. Mortgage Company, first mortgagee, from so much of an order settling the final account of a trustee of a certificated mortgage as directs the disposition to be made of a reserve fund of $3,119.57 on deposit in an agency account. Appeal by Queensboro Investing Company, owner of the mortgaged land and purchaser of the certificated mortgage, from the same portion of the order and from that other portion which denied its application for a refund of $1,628.44. Cross appeal by the trustee from so much of the order as fixes his commissions at $1,036.79. Order modified on the law and the facts by striking therefrom the portion of the first ordering paragraph directing that the sum of $3,119.57 in the reserve fund be held on deposit pending foreclosure of the mortgage held by the R. F. C. Mortgage Company, or be turned over to the trustee in the event foreclosure is not instituted within six months, and by substituting therefor a provision directing that the sum be paid to the R. F. C. Mortgage Company in partial payment of the interest that became due on its mortgage on July 1, 1941, and further directing that the trustee sign appropriate checks or orders for the payment of said sum to the R. F. C. Mortgage Company. As so modified, the order, insofar as appealed from, is affirmed, with $50 costs and disbursements, payable out of the estate, to all parties except the respondent Lehman. At the time of the closing of the R. F. C. loan, the first interest which became due on the R. F. C. mortgage was the July 1, 1941, interest, amounting to $5,401.54. This interest item fell within the classification of "next accruing" interest for which a reserve was required to be maintained under the provisions of the 1940 plan of reorganization and the R. F. C. mortgage. When this July 1, 1941, interest

became payable, the trustee improperly refused to allow the $2,723.25 balance then in the reserve fund to be applied to the payment of the interest. Thereafter, in 1943, $395.82 was added to the reserve fund, at a time when considerable arrears of taxes and interest had accrued. Unquestionably, that sum should have been applied toward the reduction of tax or interest arrears. But the trustee declined to consent to such application. The court-approved sale of the certificated bond and mortgage to Queensboro Investing Company for $35,000 was made subject to taxes and to the unpaid balance of the R. F. C. Mortgage Company mortgage, with the trustee reserving any claims against the guaranty company and "any interest in any funds" which the "trustee, held or thereafter might hold." The rights of the parties in the so-called "reserve fund" are controlled by the mortgage made to the R. F. C. Mortgage Company pursuant to the plan adopted in 1940 authorizing the extension and modification of the certificated mortgage and its subordination to the mortgage made to the R. F. C. Mortgage Company. The trustee neither "held" the reserve fund nor, since it was properly applicable to the payment of tax arrears or interest on the first mortgage, did he retain any interest in the reserve fund. The first mortgagee and the owner requested that the reserve fund be applied to the payment of the July 1, 1941, interest. That request should have been granted by Special Term. If the trustee had any security interest in the reserve fund, he relinquished that interest by the sale of the certificated mortgage. (Cf. *Bedcro Realty Corp.* v. *Title Guarantee & Trust Co.*, 290 N. Y. 520.) Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.