George L. :Cobb, J.
Defendant Amak Enterprises, Inc. moves “ for an order dismissing the complaint herein pursuant to CPLB 3212 and directing the entry of partial summary judgment for the defendant Amak Enterprises, Inc., upon the cause of action set forth in the complaint and for a further order restraining and enjoining the plaintiff pending the determination of the issues in the action from taking any further action whatsoever in connection with the cause of this action set forth in .the complaint and staying, enjoining and restraining the plaintiff until the determination of the issues herein ” and for such other, further and different relief as to the court shall seem just and proper.
The action is brought by the plaintiff bank to foreclose a certain mortgage given in 1966 by the defendant Amak Enterprises, Inc. (hereinafter “Amak”) upon certain motel property, and it is also brought to foreclose another mortgage on the same premises given by Amak on August 2, 1968 to the plaintiff bank to secure the performance by Amak of a written guarantee of payment which Amak had given to the bank on or about July .31, 1968. The latter instrument guaranteed the payment by Amak of the existing and the future indebtedness of Monis I. Brafman, Sylvia Brafman, Mollie Brafman, and Monis Brafman, doing business as Sylvie and Me Poultry Farms, to the bank.
In 1965 and again in .1967 the Brafmans had borrowed substantial sums from the bank and such loans had been secured by mortgages on the farm properties owned by them. When the Brafmans failed to repay this indebtedness as agreed, and Amak failed to comply iwith the bank’s demand for payment, the bank in 1969 began the foreclosure of the Brafman mortgages, but did not name Amak as a party to that foreclosure action (hereinafter referred to as the “farm foreclosure ”). In the farm foreclosure action, a judgment was entered in favor of the bank for approximately $95,800 and at the foreclosure sale in 1970 the bank bid in the property for $35,000. The referee’s report of sale showed a deficiency due the bank of about $63,000, but the bank did not then seek any deficiency judgment against anyone.
Thereafter, the bank sold .the farm to a third party for $55,000, thereby reducing the deficiency from $63,000 to about $43,000, and, because Amak refuses to pay this $43,000 to the bank, pursuant to the 1968 guarantee agreement, the bank says it is entitled to foreclose the 1968 mortgage on the motel property, which was given to secure Amak’s 'guarantee of the Brafman *342 debts. Amak, on the other hand, while conceding that the bank is entitled to foreclose the 1966- mortgage, vigorously contends that, because ,the bank did not seek to enforce Amak’s liability for the JBrafman debts in the farm foreclosure action, any liability it had under the guarantee agreement has been discharged and the bank may not, therefore, foreclose the 1968 mortgage.
For some time, it has been the public policy of this State “to give the court in which the foreclosure of the mortgage was had, full jurisdiction over the whole subject * * * and to allow one court to dispose of the whole subject The policy “ is applicable to every case where the owner of the mortgage has any personal security for the mortgage debt, whether it be the 'bond df the mortgagor or the covenant of another person” and its purpose is “to confine all the proceedings to recover a mortgage debt to one court ”. (Scofield v. Doscher, 72 N. Y. 491, 493-494.) Accordingly, pursuant to section 1313 of the Real Property Actions and Proceedings Law, the bank, if it had elected to do so, could have joined Amak in the farm mortgage foreclosure action (Weinstein v. Sinel, 133 App. Div. 441, 442) and, pursuant to subdivision 1 of section 1371 of the Real Property Actions and Proceedings Law, could have sought a deficiency judgment against Amak as one “ severally liable ” (Kerhonkson Nat. Bank v. Granite Sunshine Hotel, 26 A D 2d 713, 714).
Subdivision 3 of section 1301 of the Real Property Actions and Proceedings Law says that while a mortgage foreclosure action is pending or after final judgment for the plaintiff .therein, no other action shall be commenced or maintained to recover any .part of the mortgage debt, without leave of the court wherein the former action was brought. If that part of the instant action which seeks foreclosure of the 1968 mortgage be an “ action * * * to recover any part of the mortgage debt ” on the farm, and there is some authority which would indicate that it is (see Kings County Sav. Bank v. Fulton Sav. Bank Kings County, 268 App. Div. 452, 454), then no foreclosure of the 1968 mortgage may be had herein unless the grant of such leave be pleaded and proved by plaintiff (Scofield v. Doscher, supra, p. 496; Gorgoglione v. Contreras, 41 A D 2d 644). There is, however, some authority which suggests that an action to foreclose the 1968 mortgage is not an action to recover on the debt and therefore leave of court is not required (e.g., Reichert v. Stilwell, 172 N. Y. 83). The issue need not be resolved since movant is entitled to the relief sought on other grounds.
*343 Subdivision 3 of section 1371 of the Real Property Actions and Proceedings Law says that “if no ¡motion for a deficiency judgment shall be made as herein described the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist ”. Where, as here, a guarantor of a mortgage debt is not joined in the foreclosure action and no notice of an application for a deficiency judgment in such action is given to such guarantor, the proceeds of the sale in foreclosure must be “ deemed to be in full satisfaction of the mortgage debt .as to * * * [such guarantor] and no right to recover any deficiency in any action or proceeding exists” (Kings County Sav. Bank v. Fulton Sav. Bank Kings County, 268 App. Div. 452, 454, supra).
The bank, in opposition to the motion, cites Westerbeke v. Bank of Huntington & Trust Co. (247 App. Div. 915, mod. 248 App. Div. 632, affd. 272 N. Y. 598). In that case, as additional security for the mortgage debt, the mortgagor and mortgagee of certain lands entered into an escrow agreement with a certain bank, which agreement provided that, if upon a mortgage foreclosure sale the mortgagee did not receive the full amount of the debt, the bank as escrow agent would sell all of the stock which had been turned over to such agent, or so much thereof as was necessary to satisfy the deficiency, and said agent would thereupon pay over the sums so realized to the mortgagee to be applied upon the debt. When the proceeds of the .foreclosure sale did not fully discharge the mortgage debt, the mortgagee sought to compel the sale of the stock as provided in the agreement, or, in lieu thereof, a judgment for the amount of the deficiency. Although no motion for a deficiency judgment had been made in the foreclosure action, the court granted the requested relief.
The opinion of the court in Westerbeke (247 App. Div. 915, 916, supra) said that the statutory language, quoted above, concerning the effect of a failure to apply for a deficiency judgment, was not applicable when the creditor was not seeking a “deficiency judgment or a personal judgment” against the debtor, but was instead merely “ resorting to the additional security which, under the * * * agreement, was to be available for the payment of the debt in the event of a deficiency upon the sale ”. The same appellate court some years later, notwithstanding the fact that the authority of Westerbeke (supra) had been substantially undermined by the holding in Matter of Williams (258 App. Div. 592) applied the Westerbeke *344 rule to a case where additional security for the mortgage debt had been supplied directly by the debtor to the creditor without the intervention or participation of a stakeholder or escrow agent (see Bedcro Realty Corp. v. Title Guar. & Trust Co., 265 App. Div. 7), but that holding was reversed by the Court of Appeals (290 N. Y. 520, 523) with the observation that “ failure to move for a deficiency judgment * * * raised a conclusive presumption that the value of the property received by the mortgagee on foreclosure equaled, at least, the entire ‘ mortgage debt ’ and no right remained to enforce payment thereof, in whole or in part, from any other security ”.
Because the plaintiff in this case failed ,to timely move for a deficiency judgment in the farm foreclosure action, a conclusive presumption arose that the debt was paid (Bedcro, supra) and the benefits of the presumption extended not only to the principal debtor, but also to the guarantor of the mortgage debt (Kings County Sav. Bank v. Fulton Sav. Bank Kings County, 268 App. Div. 452, supra). When the debt was extinguished, the lien of the mortgage given to collaterally secure that debt necessarily expired (Olafsson v. Appolonio, 28 Misc 2d 683, 685).
It follows that the motion should ibe, and it will be, granted to the extent that the court will dismiss that portion of the complaint which alleges a cause of action for the enforcement of the 1968 guarantee agreement or for the foreclosure of the 1968 mortgage.