OPINION OF THE COURT
Thomas Aloi, J.
Defendants Theodore and Rosemary Wagner bring this motion for summary judgment pursuant to CPLR 3212. The action was commenced on February 26, 1977 by Merchants Bank to foreclose a mortgage given by defendants as security for their guarantee of a corporate obligation.
On July 1, 1974, Capello Development Corporation delivered to plaintiff its note for $58,100, secured by a mortgage dated July 15, 1974 on two apartment buildings in Mexico, New York. Theodore Wagner, president of the corporation, and Rosemary Wagner guaranteed the note, which was originally payable in one month. In consideration for extensions of this obligation, the Wagners also guaranteed renewals, securing their note by a mortgage dated December 19, 1974 covering several properties: "the Ruth Road parcel” in Clay, New York; and the Wagners’ residence, a property on Ames Street, and a house and lot adjacent to the apartments, all in Mexico, New York.
On April 21, 1976, plaintiff instituted proceedings to foreclose the Capello mortgage. Pursuant to the extension agreement, plaintiff released its second mortgage on the Ruth Road property, so that it might be sold and the net proceeds be applied .to any deficiency resulting from the then pending foreclosure proceedings, or to another unrelated trust action against the parties herein.
On August 31, 1976, plaintiff was granted a judgment of foreclosure and sale in the amount of $71,779.52. At the foreclosure sale held on October 14, 1976, plaintiff purchased the property and the referee reported a deficiency. Plaintiff later sold the property, applying the proceeds against the outstanding indebtedness, and now wishes to foreclose the guarantors’ mortgage in order to collect the remainder, approximately $23,000.
Defendants move for summary judgment. Plaintiff cross-moves to dismiss the affirmative defenses, and has also brought its own motion to confirm the referee’s report of sale and for leave to enter a deficiency judgment.
*226 The Wagners argue that when plaintiff failed, to move for a deficiency judgment after foreclosure and sale on the Capello mortgage, the debt underlying their guarantee was extinguished by operation of law: "If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist.” (Real Property Actions and Proceedings Law, § 1371, subd 3.) Plaintiff, they argue, no longer has any right to proceed against security given for a debt now conclusively presumed satisfied.
Plaintiff contends that section 1371 of the Real Property Actions and Proceedings Law is not applicable where the creditor is "merely resorting to the additional security which, under the express terms of the * * * agreement, was to be available for the payment of the debt in the event of a deficiency upon the sale of the premises in the foreclosure action.” (Westerbeke v Bank of Huntington & Trust Co., 272 NY 593, 594, affg 247 App Div 915.) Plaintiff also alleges that even if the court should find the statute does apply to this case, the defendants by separate agreement waived its protection and should not now be permitted to raise it as a defense to the instant foreclosure proceeding.
At common law a creditor could proceed at law and equity simultaneously to collect his debt, foreclosing the mortgage as well as obtaining judgment against the mortgagor. However there is no question but that since the Revised Statutes enacted in 1827-1828, a mortgagee in this State has been required to choose his remedy and to obtain permission of the court before proceeding on a deficiency resulting from either judgment and execution (2 Rev Stat of NY, part III, ch 1, tit 2, §§ 155, 156) or foreclosure and sale (2 Rev Stat of NY, part III, ch 1, tit 2, §§ 153, 154); Scofield v Doscher, 72 NY 491; Jamaica Sav. Bank v M.S. Investing Co., 274 NY 215, 218).
Over the next century, the statute remained relatively unchanged (the Revised Statutes sections became Code Civ Pro, §§ 1627-1630, as amd 1899, 1908, 1911, 1912; then Civ Prac Act, §§ 1077, 1078 and 1083), but some confusion arose as to its applicability where the mortgagor gave some form of security in addition to the bond and mortgage. Even absent a deficiency judgment or leave of court, mortgages were permitted to apply to the debt such property of the mortgagor as *227 stocks held in escrow (Westerbeke v Bank of Huntington & Trust Co., supra); funds in an account with the mortgagee bank (Kress v Central Trust Co. of Rochester N. Y., 153 Misc 397, affd 246 App Div 76, affd 272 NY 629); rents and profits in the hands of a receiver (Metropolitan Life Ins. Co. v Rosenfield, 153 Misc 218); and to foreclose a separate mortgage on other property (though given partly to secure the same debt as in the main foreclosure action), (Reichert v Stilwell, 172 NY 83).
In the view of this court, plaintiff’s reliance on these decisions is ill-founded, failing as it does to take into account a dramatic shift in the purpose of the statute and a change in the role of the courts in foreclosure proceedings, which occurred as a result of the experiences of the depression. The purpose of the statute in its early forms was merely to relieve the mortgagor of the unfair burden of defending separate actions at law and equity, on the same debt. (Equitable Life Ins. Soc. of U. S. v Stevens, 63 NY 341, 345; Scofield v Doscher, supra, pp 494-495.) "The aim of these statutes (Civ. Prac. Act, §§ 1077 and 1078) is to compel a mortgagee, who elects to foreclose his mortgage, to obtain in the foreclosure action all the relief to which he is entitled’^ (White v Wielandt, 259 App Div 676, 681). However, as a result of the depression, the form of the statute and its underlying policy were radically altered, as the Court of Appeals recognized in refusing to apply section 1083 of the Civil Practice Act retroactively, National City Bank of N. Y. v Gelfert (284 NY 13). (In an opinion by Justice Douglas, however, the United States Supreme Court held that application of section 1083 to mortgage contracts previously made does not violate the contract clause of the United States Constitution [313 US 221].)
When section 1803 was amended in 1938 (L 1938, ch 510) the entering of a deficiency judgment was no longer "a merely clerical act” (National City Bank of N. Y. v Gelfert, supra, p 20). On the contrary, failure to do so now gave rise to a conclusive presumption that the foreclosure sale proceeds "regardless of amount” had fully satisfied the mortgage debt, and a new standard was imposed. Previously, the deficiency had been determined by subtracting the net proceeds of the sale from the judgment of foreclosure (National City Bank of N. Y. v Gelfert, supra, p 20; Matter of Williams, 258 App Div 592). Under the amended section 1083, on a motion for a deficiency judgment, the court must establish and credit the *228 debtor with "the fair and reasonable market value of the premises”, and not merely with whatever sum might have been bid at the sale.
The function of the motion for a deficiency judgment and the role of the court in granting or denying it are thus substantially different from the old rule: "Section 1083-a [the emergency moratorium statute which was enacted into permanent form in the amended section 1083 in 1938] was designed to relieve a defaulting mortgagor from an unjust deficiency judgment. The idea was that the mortgagor should have an opportunity to contest entry of a deficiency judgment which was not justified.” (Berkman v Silverstein, 245 App Div 891.)
In the cases decided under sections 1083-a and 1083, the courts have refused the creditor access to collateral security after denial of a deficiency judgment (Honeyman v Hanan, 275 NY 382, app dsmd 302 US 375 [collateral bond by guarantors]); or failure to timely move for it (Matter of Williams, supra [assignment of legacy]; Waitt Operating Co. v New York Life Ins. Co., 29 NYS2d 705, affd 263 App Div 936 [chattel mortgage]; Rossbach v Rosenblum, 260 App Div 206, affd 284 NY 745 [derivative action against corporate directors]; Bedcro Realty Corp. v Title Guar. & Trust Co., 290 NY 520 [mortgage on other property]; Pomperaug Realty Corp. v Schulte Real Estate Co., 182 Misc 1080 [bonds and mortgages]).
Section 1371 of the Real Property Actions and Proceedings Law is identical to section 1083 of the Civil Practice Act, and the collateral security cases recently decided follow the same rule. (State Bank of Albany v Amak Enterprises, 77 Misc 2d 340 [separate mortgage on other property]; Moke Realty Corp. v Whitestone Sav. & Loan Assn., 82 Misc 2d 396, affd 51 AD2d 1005, affd 41 NY2d 954 [proceeds of fire insurance policy]; Morgan v Ellenville Sav. Bank, 55 AD2d 178, app den 41 NY2d 803 [fire insurance proceeds]; Statewide Sav. & Loan Assn. v Canoe Hill, 54 AD2d 1018 [security interest in equipment and furniture]; Band Realty Co. v North Brewster, 59 AD2d 770 [stay bonds posted pending appeal].)
While this development has been recognized by some commentators, "additional bonds and mortgages held as security for the payment of the main mortgage debt, and not foreclosed in the same action, must be returned to the mortgagor, since the right to subject them to the payment of the mortgage is lost upon the sale where such is not followed by the allowance of the deficiency judgment.” (15 Carmody-Wait 2d, NY Prac, *229 § 92:419, p 372) it has escaped others, "This restriction, however, does not prohibit a separate foreclosure in equity of two separate mortgages, upon separate pieces of property, although each may have been given to secure the payment of the same indebtedness.” (3 Rasch, New York Law and Practice of Real Property, § 2321; see, also, 38 NY Jur, Mortgages and Deeds of Trust, § 296, p 573 — both citing Reichert v Stilwell, 172 NY 83).
However, this court finds that the protection of section 1371 of the Real Property Actions and Proceedings Law does apply to foreclosure proceedings involving collateral security (even where it takes the form of bonds and mortgages) and has done so at least since the emergency moratorium statutes were enacted into permanent form by amendment of section 1083 of the Civil Practice Act (L 1938, ch 510).
"Failure to move for a deficiency judgment as authorized by that section raised a conclusive presumption that the value of the property received by the mortgagee on foreclosure equaled, at least, the entire 'mortgage debt’ and no right remained to enforce payment thereof, in whole or in part, from any other security.” (Bedcro Realty Corp. v Title Guar. & Trust Co., 290 NY 520, 523, supra.)
Further, the court rejects the distinction which plaintiff attempts to draw between guarantors and mortgagors. The protection of the statute was clearly extended to guarantors from the beginning: "And where it is evident that the complainant could have had a perfect remedy against all persons who were liable for the payment of the debt, by a decree over against them for the deficiency, if he had chosen to make them parties to his foreclosure suit, it might not be a proper exercise of discretion for the court of chancery to permit any further proceedings to be had in the action at law after the filing of the bill of foreclosure [emphasis added]”. (Suydam v Bartle, 9 Paige ch 294, 296; see, also, Scofield v Doscher, 72 NY 491, supra; Robert v Kidansky, 111 App Div 475, 479, affd 188 NY 638.) In Kings County Sav. Bank v Fulton Sav. Bank, Kings County (268 App Div 452), guarantors were held entitled to the protection of the mortgage moratorium statutes (Civil Prac Act, §§ 1083-a, 1078) and to the return of their bankbooks held as security.
While many of the above-cited cases differ from the facts herein, either in that the guarantors were not made parties to the original foreclosure actions, or that the mortgagors and *230 guarantors were the same persons, the court cannot accept plaintiffs contention that these details require a different result in. this case. The statute demands two things of a mortgagee who wishes to preserve his right to collect on a deficiency after foreclosure: (1) that all persons who are liable to the plaintiff for the payment of the debt secured by the mortgage be made defendants in the foreclosure action, and (2) that within 90 days of the foreclosure sale, a motion for a deficiency judgment be made. (Real Property Actions and Proceedings Law, § 1371.) The failure to comply with either or both of these provisions results in subdivision 3’s conclusive presumption.
Plaintiff argues that the policy behind the statute is to afford all parties notice of the existence of a deficiency, which it claims has been achieved here by making the guarantors defendants in the main foreclosure action, and by the commencement of foreclosure proceedings on their collateral mortgage. The court disagrees, and wishes firmly to state that in its opinion this statute is not merely a notice provision, but instead was designed to give the court an opportunity to oversee the transaction and to ensure that the obligors are treated fairly in the course of the foreclosure proceedings. This vital purpose would be utterly defeated if the mortgagee were permitted, unsupervised, to foreclose on all the collateral security posted by guarantors before the court has had an opportunity to satisfy itself as to the fairness of the original foreclosure sale and to determine the proper amount of deficiency, if any. Plaintiffs motion for a deficiency judgment is dismissed as untimely.
Plaintiffs final argument is that defendants should be estopped from raising the lack of a deficiency judgment as a defense. Plaintiff claims that by the terms of a "liquidation agreement” between the parties entered into during the pendency of the Capello mortgage foreclosure proceedings, no deficiency judgment was necessary. As evidence of an agreement, plaintiff offers the transfer of some of the properties covered by the collateral mortgage: (1) the sale of the Ruth Road property, in which plaintiff acquiesced, releasing its mortgage, and (2) the inclusion of the house and lot adjacent to the Mexicana Apartments, in the sale following foreclosure. (Plaintiff denies that this transaction was in any way "coerced”, as defendants allege.)
Plaintiff argues that defendants induced it to forego its right *231 to a deficiency judgment by appearing to agree to the order of liquidation of properties, and then repudiating the agreement on December 20, 1976. Defendants allege that no such agreement ever existed, since negotiations broke down over the question of a release of the mortgage covering their residence, in return for the transfer of the deed to the Ames Street property (they place the date much earlier than December 20).
Even if, adopting the view of the facts most favorable to plaintiff, the defendants’ actions did induce the bank to forego application for a deficiency judgment, the bank knew no later than December 20 of defendants’ repudiation, which date was well within the statutory 90 days from date of the foreclosure sale.
Based upon arguments of counsel, the papers and memoranda submitted on the case, and upon all of the foregoing, plaintiff’s cross motion to dismiss the affirmative defenses is denied, along with its motion to enter a deficiency judgment, and defendants’ motion for summary judgment is granted.